UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARKUS LINDSEY,<br><br>        Petitioner,<br><br>        v.<br><br>WARDEN,<br><br>        Respondent. | CAUSE NO.: 3:19-CV-1032-JD-MGG |

OPINION AND ORDER

Markus Lindsey, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his sentence for residential entry, burglary, and theft under Case No. 45G02-1206-FB-55. Following a guilty plea, on March 28, 2013, the Lake Superior Court sentenced him to ten years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the habeas petition, Lindsey did not pursue a direct appeal after pleading guilty. As a result, his conviction became final on April 27, 2013. *See* Ind. App. R. 9(A) (appeal must be filed within 30 days of final judgment). The habeas limitations period expired one year later on April 27, 2014. Though Lindsey filed a motion to correct his sentence in State court in September 2019, this effort did not restart the federal limitations period, nor did it "open a new window for federal collateral review." *De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009). As a result, when Lindsey filed this habeas petition in November 2019, he was more than five years too late.

Additionally, before considering the merits of habeas claims, the court must ensure that the petitioner has exhausted all available remedies in State court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). Here, Lindsey concedes that he did not present his claims to the Court of Appeals of Indiana or the

Indiana Supreme Court. Therefore, even if the petition was timely, the court would not consider Lindsey's claims because he has not exhausted his available State court remedies.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that reasonable jurists would debate the correctness of this procedural ruling. Therefore, there is no basis for encouraging Lindsey to proceed further, and a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 2) because it is untimely and unexhausted;

(2) GRANTS the motion for leave to proceed in forma pauperis (ECF 3);

(3) WAIVES the filing fee;

(4) DENIES Markus Lindsey a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(5) DIRECTS the clerk to close this case.

SO ORDERED on November 27, 2019

        /s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT